BUNTIN *v.* WEDDLE.

PLEADING.—Where an instrument is assigned, which is not assignable so as to pass the legal title to the assignee, and the assignee sues on it, making the assignor a party, it is not material and need not be averred how the assignment was made.

PRACTICE.—Where several issues are submitted for trial to a Court, and the record on appeal fails to show affirmatively, or to indicate clearly, that some of the issues were not disposed of by the Court below, this Court will presume that they were all duly passed upon by that Court.

Buntin *v.* Weddle.

APPEAL from the *Hendricks* Circuit Court.

HANNA, J.—*Weddle* sued the appellant upon a writing executed by said *Buntin* to one *Leannah Buntin* on the 6th day of *April*, 1857, by which he agreed to support said *Leannah,* (she being his mother,) during her life, or pay her sixty dollars per annum, if she should not remain with him. The plaintiff averred that on, &c., she became dissatisfied at, &c., and took up her residence at the house of the plaintiff, and did assign and deliver said article, &c., to him, on the faith of which he had maintained the said *Leannah,* &c. The son and the mother, the latter to answer as to her interest, &c., were made defendants.

There was a demurrer to the complaint overruled. It is urged that it is insufficient, because it does not show how it was assigned. As it is a writing not assignable so as to transfer the legal interest to the assignee, even by a writing, it was not material, as the alleged assignor was made a party, how said assignment was made.

*Leannah* answered, without oath, claiming an interest in the written contract, and that it was still hers, &c. The other defendant answered, admitting the execution of the writing, and that only the sum of, &c., had been paid thereon, leaving but 60 dollars having been due thereon at the commencement of said suit, and as to that sum, that said *Leannah* was indebted to him in the sum of 900 dollars for building a house for her, as per a written agreement between them, dated *January* 19, 1857. A set-off is therefore prayed, to the amount of said 60 dollars.

2d. Want of property, or interest in, or right to sue upon, said writing, upon the part of said plaintiff, and that defendant had been guilty of no breach thereof.

Reply to each answer in denial.

Trial by the Court, finding and judgment against said appellant for 60 dollars.

The finding and judgment are not special as to the issue upon the answer of said *Leannah.*

It is urged that the general finding and judgment did not dispose of the issue formed upon the answer of said female defendant; and that until the same was disposed of, no finding could be maintained in favor of the plaintiff, because there would be a want of capacity to sue, on his part, upon said instrument.

This position, in our opinion, is not well taken. We suppose that the issues were all submitted to the Court upon the trial, and as, according to the argument of the appellant, the issue made upon the answer of *Leannah* would have to be disposed of before the other could be considered, we must presume, in view of the finding, that it was passed upon by the Court.

It is manifest that the agreement in reference to the erection of a house, &c., was superseded by that upon which suit is brought, and, therefore, there is nothing in the point presented on the failure to give effect to the evidence in relation to the claim for building said house. It appears the land upon which the house stands was conveyed to the defendant in pursuance of the agreement upon which suit is based.

*Per Curiam.*—The judgment is affirmed, with 5 per cent. damages and costs.

*Nave & Witherow,* for the appellant.

*L. M. Campbell,* for the appellee.